## COUNTY COMMISSIONERS OF CAROLINE COUNTY *v.* MILDRED S. BEULAH.
### [No. 5, January Term, 1929.]

*Decided March 19th, 1929.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Wilbert L. Merriken* and *Edward T. Miller,* with whom were *Merriken & Merriken* on the brief, for the appellants.

*W. Brewster Deen* and *J. Owen Knotts,* for the appellee.

URNER, J., delivered the opinion of the Court.

A former appeal in this case resulted in a reversal of the judgment upon the verdict of a jury awarding damages to the infant plaintiff for personal injuries sustained when the automobile in which she was riding at night with her parents collided with a tree lying across the highway. The case was remanded for a retrial, and it is now in this court on appeal from a second judgment in the plaintiff's favor. The earlier judgment was reversed because the rulings of the trial court on the prayers proceeded upon the theory that a verdict for the plaintiff, who was only six months old at the time of the accident, would be legally permissible even if her father failed

to exercise ordinary care to avoid the collision. *Caroline County v. Beulah,* 153 Md. 221.

At the retrial of the case an instruction was proposed, and granted, on behalf of the plaintiff, to the effect that if the jury should find from the evidence that a large tree had been permitted to remain across the public road in such manner as greatly to obstruct, inconvenience, and endanger the public in driving along or over the road, and that the defendant, or its proper agents, had notice, or might by care and diligence have obtained notice, of the obstruction in time to remove it or safeguard the public against it before the accident complained of, and that the infant plaintiff was riding along the road with her father, who drove against the tree, while exercising that degree of care which a reasonably prudent person would have used under similar circumstances, then the plaintiff was entitled to a verdict. This instruction has been one of the principal subjects of criticism on the present appeal. But, in our opinion, it adequately defined the issues in accordance with the principles heretofore applied to the case by this court. The special objection that there was no legally sufficient evidence that the defendant had, or might by care and diligence have obtained, notice as to the existence of the obstruction, was considered on the prior appeal and definitely overruled. At both trials substantially the same evidence as to notice was introduced. For a similar reason it is unnecessary to discuss again in this opinion the contention that the case should have been withdrawn from the jury for lack of evidence as to primary negligence. The rulings on the prayers do not in any respect present a just ground for a reversal of the second judgment and the remand of the case for a third trial.

There were seven exceptions relating to the admissibility of evidence. Four refer to proved or admitted notice to one of the defendant commissioners, as to the obstruction in the highway, a day or two before the accident with which this suit is concerned. It is argued that the information thus received by one of the County Commissioners of Caroline

County could not be regarded as notice to them as an official body for the purposes of the liability here asserted. In the opinion delivered by Chief Judge Bond on the first appeal in this case, it was said:

"One of the county commissioners, Mr. Leonard Covey, living at Federalsburg, was told of this tree either on Friday afternoon or Saturday night. He clearly remembers having been told of it on Saturday night, and there is testimony of his having been told early on Friday afternoon, as he was passing along the street. There was no meeting of the board during those days, and the tree was not removed until Monday, after the accident. No light was placed on it in the meantime. * * *

"To determine whether the commissioners were negligent it would be necessary to decide only the question of the sufficiency of the notice given them. The warning of one or two days testified to might, for all the court could say, be sufficient; whether it was or not was peculiarly a question for the jury, and one well within their knowledge. At least the court could not hold it insufficient beyond all controversy, and direct a verdict accordingly."

That ruling clearly justified the admission of the testimony involved in the four exceptions just noted.

Two other exceptions refer to the refusal of the lower court to allow the father and mother of the plaintiff, when testifying in her behalf, to be asked on cross-examination whether they did not have suits of their own pending against the County Commissioners of Caroline County on account of the same accident. As reflecting upon the interest of the witnesses this inquiry might well have been permitted. But as a much stronger interest arising from the parental relation of the witnesses to the plantiff was proved, the practical effect of the excluded testimony upon the minds of the jury in regard to the credibility of the witnesses could hardly have been appreciable, and is not, in our judgment, a consideration of sufficient importance to warrant a reversal.

The last evidence exception referred to the adverse action

of the court on a motion by the defendant to strike out certain testimony of a witness at the former trial which was read from the record in view of his illness. The motion to strike out the testimony as a whole could not be granted because parts of it were clearly admissible, as were also the question and answer which the motion specially indicated.

*Judgment affirmed, with costs.*